UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE J. SMITH

    Plaintiff,                         CIVIL ACTION NO. 07-10980
v.                                 DISTRICT JUDGE AVERN COHN
                                       MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past light work.

      Plaintiff filed an application for Social Security disability insurance benefits on April 1, 2003, alleging that she had been disabled and unable to work since February 14, 2003, at age 33, due to shortness of breath, poor balance, leg pain, seizures, migraine headaches and fatigue. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on January 15, 2006, before Administrative Law Judge (ALJ) B. Lloyd Blair. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past light work as a cashier. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 36 years old at the time of the administrative hearing (TR 255). She had an eighth grade education, and had been employed as a cashier and housekeeper during the relevant past (TR 85, 255, 272). As a cashier, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 87).

Claimant stopped working in February 2003, due to shortness of breath, poor balance, leg pain, migraine headaches and fatigue (TR 257-258, 263, 265-266). She testified that she used a breathing machine containing medications several times a day (TR 258). Plaintiff explained that she had reduced her daily smoking habit from three packs to four cigarettes a day (TR 259). Even though Plaintiff suffered from migraine headaches since she was 16 years old, she admitted that she did not take medications because it upset her stomach (TR 270). The claimant estimated that she could sit for 30 minutes, stand 15 minutes and lift about 8 pounds (TR 262). Plaintiff spent her day caring for her eleven year old daughter. She was able to cook, wash dishes and complete crossword puzzles (TR 260-262).

A Vocational Expert, Heather Benton, classified Plaintiff's past cashier work as light, unskilled activity (TR 272). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 275). If the claimant were capable of light work, the witness testified that Plaintiff could return to her past work as a cashier (TR 274). Cashier jobs did not require extensive reading, or the climbing of ropes, ladders and scaffolds. They would also not expose her to hazards or environmental irritants (TR 273).

---

[1]The witness explained that Plaintiff's alleged need to lie down several times a day to relieve her fatigue would preclude all work activity (TR 275).

**2**

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of myotubular myopathy (a hereditary muscle disorder), shortness of breath and obesity, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's breathing difficulties prevented her from working in polluted air environments. The Law Judge further precluded her from jobs requiring the climbing of ladders, scaffolds or ropes. She was also found to be unable to perform any job requiring extensive reading. Since Plaintiff's past job as a cashier was not precluded by these limitations, the ALJ found that she remained able to perform her past relevant work.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also

supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple impairments were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2007).

<u>INSURED STATUS REQUIREMENT FOR DIB BENEFITS</u>

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2005, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between February 2003, the alleged onset date of disability, and December 31, 2005, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work enabling her to perform her past work as a cashier.  Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain, shortness of breath, migraine headaches, seizures, poor balance or fatigue

A review of the pertinent medical evidence reveals that her migraine headaches and pseudo-seizures were under good control with treatment.  Dr. N. Siddiqi, a treating physician, reported in May 2003, that claimant's primary symptoms were caused by early onset of menopause (TR 151, 211-212).  Plaintiff sought treatment for shortness of breath and wheezing in October 2003, but the claimant reported that she was feeling much better after medications were prescribed (TR 209).

The medical record indicated that Plaintiff required no further treatment for any condition from October 2003 through May 2005, when she was hospitalized for three days with asthmatic bronchitis (TR 222-231).  Upon discharge, her lungs were clear bilaterally. While the claimant was sent home with oxygen,  she denied any syncope, dizziness or headaches (TR 224).  Plaintiff did not submit any treatment notes to show that she sought follow-up treatment for her breathing problems, or for any other condition, after her brief hospitalization[2].

---

[2]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993).  Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 242-248) was not considered by the undersigned.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of light work[3] (TR 167-173). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from joint pain, shortness of breath, migraine headaches, seizures, poor balance and fatigue were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered fatigue or drowsiness, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not require climbing ladders, scaffolds and ropes, and did not expose her to environmental irritants.

Plaintiff relies heavily upon the fact that Dr. Thomas Wilson found her to be totally disabled in April 2005 (TR 221). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Wilson offered no objective evidence to support his statement of disability, his opinion

---

[3]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2007).

need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The ALJ found that the claimant retained the residual capacity for a restricted range of light work. Since substantial evidence existed on the record that Plaintiff could perform her past light work as a cashier, she was not disabled withing the meaning of the Social Security Act.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a

---

[4] Although Dr. Wilson opined that Plaintiff was restricted in her ability to walk, stand, lift, bend and stoop, the doctor did not indicate what those limitations would be (TR 221). Following a physical examination on May 21, 2005, Dr. Wilson did not report any major abnormalities. Dr. Wilson stated that Plaintiff was not in any distress at the time of the evaluation, and that she remained alert, oriented and cooperative (TR 227-228). Considering the absence of any treatment notes to support the disability opinion, the ALJ was not required to give it significant weight.

waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: October 31, 2007

---

### CERTIFICATE OF SERVICE

I hereby certify on October 31, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 31, 2007. **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217