UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE J. SMITH,

    Plaintiff,

                                               Case No. 07-10980
-vs-                                    Judge Avern Cohn

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

    _____/

**MEMORANDUM AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a social security case. Plaintiff Michelle J. Smith ("Smith") appeals from the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security disability benefits. Smith's application for benefits states that she became disabled on February 14, 2003, due to shortness of breath, poor balance, leg pain, obesity, seizures, migraine headaches, and fatigue. Smith suffers from myotubular myopathy, an hereditary muscle disorder. Smith's application was denied on initial review, and an administrative law judge ("ALJ") affirmed the denial after a hearing. The ALJ found that despite her impairments, Smith retained the "residual functional capacity" ("RFC") to return to her past work as a cashier. The appeals council denied review, making the ALJ's decision the final decision of the Commissioner.

Smith instituted this action for judicial review under 42 U.S.C. § 405(g). The matter was referred to a magistrate judge, before whom Smith and the Commissioner filed motions for summary judgment. The magistrate judge issued a report and recommendation ("MJRR") that the ALJ's decision be affirmed. Smith filed objections to the MJRR. For the reasons that follow, the Court adopts the MJRR.

## II. Background

### A. Facts

The MJRR accurately sets forth the facts, most of which are repeated here.

Smith claims to have become disabled on February 14, 2003. The parties agree that her insured status for purposes of receiving disability insurance benefits expired on December 31, 2005.

#### 1. Lay Testimony

Smith is currently 38 years old. She has an eighth grade education and has been employed in the relevant past as a cashier and housekeeper. As a cashier, Smith alternated between sitting and standing for most of the workday and constantly gripped and manipulated small and large objects.

Smith was employed steadily between 1989 and 2000, but has not worked between February 2003 and the present. Smith testified that she is unable to work due to shortness of breath, problems with balance, pain in her thighs and feet, and other problems. To treat her shortness of breath, Smith uses a breathing machine containing medication several times per day. Smith smokes cigarettes, but beginning in early 2005 she cut her consumption from approximately three packs per day to four cigarettes per day.

Smith testified that she has suffered from migraine headaches since she was a teenager, but does not take medication to treat the migraines because the medication upsets her stomach. The migraines currently occur two to three times per month and last for approximately a day and a half.

Smith further testified that she can stand comfortably for fifteen minutes and sit for thirty minutes before requiring a break. She says that she finds it necessary to lie down and rest for approximately half an hour several times per day. Smith spends her days caring for her daughter and is able to cook, wash dishes, and complete crossword puzzles.

Smith's sister Marilyn Potts ("Potts") submitted a declaration in which she stated Smith is able to do household chores, groom herself, and watch her daughter. However, Smith sometimes has difficulty walking, getting up from sitting, and climbing stairs. Potts further stated that Smith frequently takes naps due to fatigue.

### 2. Vocational Expert

A vocational expert, Heather Benton ("Benton"), testified at the hearing before the ALJ. Benton classified Smith's past employment as a cashier as light, unskilled work. The ALJ asked Benton to assume a hypothetical individual who was capable of light work but could only occasionally use ramps or stairs, could not read, needed to avoid respiratory irritants, and needed to switch between sitting and standing periodically; Benton testified that an individual with these limitations would be capable of working as a cashier. Benton further testified that if Smith's testimony regarding her pain and general work-related limitations, particularly her alleged need to lie down and rest several times per day, was fully credible, she would be unable to work as a cashier.

### 3. Medical Evidence[1]

In May 2003, a state agency medical consultant, Dr. D. Tanna, M.D., examined Smith to assess her RFC. Based on his examination, Dr. Tanna opined that Smith was limited in her ability to climb stairs and should not be required to use ladders, ropes, or scaffolds. He further stated that she should avoid heights and using machinery due to possible seizures or pseudoseizures and myopathy. Dr. Tanna concluded that, given these restrictions, Smith was capable of performing a restricted range of light work.

In the same month, a psychologist with the Michigan Disability Determination Service, Joseph Klass, examined Smith. Klass described Smith as "friendly, cooperative, and responsive." He reported that her "[p]osture was erect and she did not appear to be in physical discomfort," and that her "mood and affect were within normal limits." Smith said that she was often depressed, but Klass found no evidence of decompensation.

Dr. N. Siddiqi, M.D., treated Smith in 2003. His records from March 2003 indicate that Smith took Zoloft for pseudoseizures and Inderal LA for her migraine headaches. He reported that both medications were effective, although Smith reported that she had about a dozen pseudoseizures in the month prior to her appointment. In May 2005, Dr. Siddiqi reported that both conditions were "pretty well-controlled" and that Smith was experiencing symptoms of early-onset menopause.

---

[1] Where, as in this case, the Appeals Council declines review, Judicial review of a denial of disability insurance benefits is limited to the record that was before the ALJ. Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). Accordingly, the Court will not consider the letter of D. Louis Weir relating to Smith's medical condition, since it was submitted only to the Appeals Council and was not before the ALJ.

The record indicates that Smith sought treatment with Dr. Siddiqi in October 2003 for shortness of breath and wheezing. Smith reported that her condition was much improved after she began taking the medications that Dr. Siddiqi prescribed.

The record does not indicate that Smith required any medical treatment between October 2003 and May 2005. In May 2005, she was hospitalized for two days and diagnosed by Dr. Thomas Wilson, D. O., with asthmatic bronchitis. Smith was prescribed oxygen, but she reported that she did not suffer from fainting, dizziness, headaches, or related problems after she was discharged.

Also in May 2005, Dr. Wilson, in response to a letter sent by Smith's attorney in connection with her disability, opined that Smith "cannot work due to progressive weakness." Smith offered no objective medical evidence in support of this opinion. The record does not indicate that Dr. Wilson treated Smith at any time between the claimed onset of disability in February 2003 and April 2005.

## B. ALJ's Decision

The ALJ found that Smith was severely impaired as a result of myotubular myopathy, shortness of breath, and obesity, but that these impairments did not meet the threshold for presumptive disability listed in Appendix 1, Subpart P, Regulation No. 4 of the Social Security Regulations. As a result of the evidence regarding breathing problems, the ALJ found that Smith would need to avoid work environments with polluted air. The ALJ further found that Smith could nor perform jobs that required extensive reading or the use of ladders, scaffolds, or ropes. In light of all this, the ALJ found that Smith's RFC allowed her to resume her past work as a cashier. Accordingly,

5

Smith was deemed not to be "disabled" within the meaning of the Social Security Act and not entitled to disability insurance benefits.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). As such, substantial evidence is more than a scintilla but less than a preponderance. Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).

### IV. Discussion

Smith claims that she became disabled on February 14, 2003. Because Smith's insured status expired on December 31, 2005, she must establish that she was disabled during this window of approximately 34 months in order to be eligible for disability insurance benefits. 42 U.S.C. § 416(I)(2); Gibson v. Sec'y of Health, Education, and Welfare, 678 F.2d 653, 653 (6th Cir. 1982). Evidence arising during a later time period

may be considered to the extent that it illuminates a claimant's health before the expiration of her insured status, but usually such evidence is only minimally probative. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).

In her objections to the MJRR, Smith argues that the ALJ ignored the testimony of Dr. Wilson. The ALJ did discuss Wilson's testimony in some detail in his written opinion, but was not persuaded by his conclusion that Smith's medical condition was vocationally preclusive. The opinions of treating physicians like Dr. Wilson are ordinarily accorded some deference, but the ALJ "is not bound by a broad conclusory statement of a treating physician in making this determination [of disability]." Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984). The determination of disability is for the ALJ, not a physician. Miller v. Sec'y of HHS, 843 F.2d 221, 224 (6th Cir. 1988)

As the ALJ noted, Dr. Wilson's report is largely conclusory. His opinion that she was unable to work was not supported by any objective medical evidence, such as treatment notes or laboratory and clinical findings. See id. at 224 (6th Cir. 1988) (upholding ALJ's decision not to credit treating physician's conclusion that claimant was disabled where conclusion was "a bare opinion...not supported by the necessary laboratory and clinical findings."). Although Dr. Wilson stated that Smith was restricted in her ability to walk, stand, lift, bend, and stoop, he did not indicate what those limitations would be. Moreover, there is a good deal of medical evidence in the record that tends to suggest Smith is not disabled, including the examination reports of Dr. Tanna and Joseph Klass and the treatment notes of Dr. Siddiqi.

Smith also objects to the fact that the ALJ did not specifically address Potts's declaration regarding Smith's day-to-day activities in his opinion. However, this

7

evidence was largely duplicative of Smith's own testimony. The ALJ's decision discussed Smith's testimony as to her health and general physical condition.

Considering the record as a whole, the Court cannot say that the ALJ's decision lacked substantial evidentiary support. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion....This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted). The ALJ's decision in this case did not stray outside the zone of choice.

## V. Conclusion

For the reasons stated above and in the MJRR, Smith's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

                                          s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: February 15, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 15, 2008, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160